# CARDOZO LAW
BENJAMIN N. CARDOZO SCHOOL OF LAW • YESHIVA UNIVERSITY

## CIVIL RIGHTS CLINIC

**Betsy Ginsberg**
*Director*
*Assistant Clinical Professor of Law*

(212) 790-0470
Fax  (212) 790-0256

April 10, 2015

**BY ECF**
The Honorable Lois Bloom
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Krieg v. City of New York, et al.*, No. 14-cv-04434 (SLT)(LB)

Dear Judge Bloom:

We represent the Plaintiff, Christopher Krieg, in the above-listed matter. The Plaintiff, a paraplegic who uses a wheelchair, brings this action against the City of New York and individually named NYPD officers alleging violations of his rights under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132 *et seq.*, and Section 504 of the Rehabilitation Act (Section 504), 29 U.S.C. § 794 *et seq.*, as well as under the U.S. Constitution. Plaintiff's allegations stem from his arrest, detention, and transportation by NYPD officers.

Plaintiff writes pursuant to the Court's April 2, 2015 Order directing the parties to file a Rule 26(f) meeting report. That report is attached, outlining the parties' agreed-upon discovery schedule. Plaintiff also wishes to notify the Court that he plans to file a motion to return venue to the Southern District of New York (S.D.N.Y.) and to seek leave of the Court to file an Amended Complaint.

Briefly, the basis for Plaintiff's argument on return of venue to the S.D.N.Y., where he properly filed his claim before it was transferred without notice to him is that a substantial portion of the events giving rise to the claim occurred in the S.D.N.Y. Plaintiff alleges that he was transported in an NYPD van that was not wheelchair accessible and in which he was placed handcuffed on the floor, along with his wheelchair, which was unsecured. He was transported this way to Manhattan central booking and then later to Bellevue Hospital, also in Manhattan. Moreover, Defendant City of New York, resides in the S.D.N.Y and is the only entity liable for the Plaintiff's ADA and Section 504 claims,[1] as well as his constitutional *Monell* claims. As a

---

[1] Entities, not individuals, are the proper defendants in suits under Title II of the ADA and Section 504. *Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001).

result, Plaintiff contends that venue was proper under 28 U.S.C. § 1391 in the S.D.N.Y and that his case was erroneously transferred to this Court.

The parties have conferred and discussed both venue and amendment of the Complaint. Defendants do not oppose the Plaintiff's motion to return venue to the S.D.N.Y. Further, Defendants consent to Plaintiff's amendment of the Complaint in order to add unnamed defendants and to amplify and articulate the facts and claims alleged in the Plaintiff's *pro se* complaint. The Plaintiff agrees to share a draft of the Amended Complaint with the defendants five days prior to filing.

We thank the Court in advance for its consideration.

                                            Respectfully submitted,

                                            /s/
                                            Betsy Ginsberg
                                            *Supervising Attorney*

                                            Imran Dar
                                            Daniel Sternberg
                                            *Legal Interns*

cc:     **BY ECF**
        Matthew Bridge
        Assistant Corporation Counsel
        New York City Law Department
        100 Church Street
        New York, NY 10007